IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| INDIRA DAYANNA LOPEZ-RUIZ, | ) | CIVIL NO. 11-00065 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT; ORDER DENYING PLAINTIFF'S |
| vs. | ) ) | MOTION TO PROCEED IN FORMA PAUPERIS |
| TRIPLER ARMY MEDICAL CENTER, U.S. ARMY 8 BRIDGADE, 728 BATTALION, 552 & 58 MP COMPANY, DEPARTMENT OF HUMAN SERVICES, CHILD WELFARE SERVICES, ELSA McGEHEE, HONOLULU POLICE DEPARTMENT, KCPC, STATE OF HAWAII | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

ORDER DISMISSING COMPLAINT;
ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

I.      INTRODUCTION.

On January 27, 2011, pro se Plaintiff Indira Dayanna Lopez-Ruiz filed a Complaint and an Application to Proceed Without Prepayment of Fees ("Application"). On the same date, Lopez-Ruiz also filed a patent lawsuit presently before another district judge in this court. As the Complaint fails to state a claim that can be brought in this court, the court DISMISSES the Complaint without prejudice and DENIES the Application as moot.

II.     FACTUAL BACKGROUND.

While unclear from the Complaint, it appears that Lopez-Ruiz was recently hospitalized and diagnosed with a mental illness. See Compl. ¶ 55. On May 17, 2010, the Hawaii Family Court of the First Judicial Circuit issued an Order authorizing

emergency examination and treatment of Lopez-Ruiz because "probable cause" existed that she was mentally ill. See Attachment Order Authorizing Emergency Examination and Treatment, ECF No. 1, Ex. 1. The Order attached a report indicating that Lopez-Ruiz was in a "manic state with psychotic features" and that her "mental state raises concerns about [her] baby's safety." See id. Lopez-Ruiz claims that the State of Hawaii's Department of Human Services ("DHS") "forced" her into turning over her son on a "voluntary basis . . . under the impression [she] would get him back upon getting 'mental help.'" Compl. ¶ 63(e). See also ECF No. 1, Ex. 20 (Family Court Orders Concerning Child Protective Act); Ex. 21 (Family Services Plan).

Lopez-Ruiz now claims Defendants have failed to reunify her with her son. See Compl. ¶ 35. She says that the Tripler Army Medical Center has conspired to cover up certain events to protect itself from liability. See id. ¶ 63. She alleges that DHS has neglected her ex-husband's abusive history and placed her son in danger. See id. ¶¶ 78, 79. Lopez-Ruiz adds that DHS discriminated against her because of her socioeconomic status, see Compl. ¶ 69, and her Hispanic heritage, see Compl. ¶ 79.

II.     STANDARD OF REVIEW.

A court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

As such, pro se plaintiffs proceeding in forma pauperis "must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (internal citations omitted).

A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely. See Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733-34 (1982). At the same time, a complaint must allege facts "to state a claim . . . that is plausible on its face." Bell Atl. Com. v. Twombly, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

III.    ANALYSIS.

Lopez-Ruiz's Complaint is a confusing collection of pages, letters, receipts, doctor's reports, and prior court proceedings. Lopez-Ruiz labels her Complaint as one for personal

3

injury and medical malpractice, but she fails to assert a plain and concise statement of those claims.  Instead, her Complaint asks the court for intervention "based on the false lighting to depict abortion, homosexuality, and sexism against me as a foreign female, a homemaker, a surviving victim, and an independent contractor/Entertainer."  Compl. ¶ 22.

Lopez-Ruiz's Complaint is very difficult to understand; the court has gleaned meaning from it only by reference to all of the documents and exhibits submitted here and Lopez-Ruiz's patent lawsuit in Civ. No. 11-00066.  An incomprehensible claim or complaint is without an arguable basis in law.  <u>Jackson v. Arizona</u>, 885 F.2d 639, 641 (9th Cir. 1989).  Although certain individuals are named in the caption, it is unclear what conduct some of these individuals are accused of that caused harm to Lopez-Ruiz.  For example, Lopez-Ruiz names Elsa McGehee as a Defendant in this case.  McGehee represented Lopez-Ruiz's ex-husband in the divorce proceedings between Lopez-Ruiz and her ex-husband.  It is difficult for this court to discern how Lopez-Ruiz could bring a personal injury or medical malpractice claim against McGehee.

While not entirely clear from the Complaint, Lopez-Ruiz's claims could be duplicative of a prior proceeding in Florida.  <u>See Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (finding no abuse of discretion in dismissing action

4

as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims"). It seems that Lopez-Ruiz has already pursued her medical malpractice claims, and they were deemed fraudulent. See Compl. ¶ 31. In October 2008, Lopez-Ruiz allegedly had a "GAG Order" placed on her in Broward County, Florida. See id. ¶ 51. Pursuant to that Order, Lopez-Ruiz agreed not to seek personal liability for medical malpractice. Id. Accordingly, it is not clear whether Lopez-Ruiz can now bring these medical malpractice claims in Hawaii.

Lopez-Ruiz's claims sometimes appear to border on frivolousness. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Lopez-Ruiz alleges a nurse possibly used an improper needle on her given "the modern technological advances already in place to install chips within human bodies for employment verification or to read thoughts as Stephen Hawkings . . . ." Compl. ¶ 62. Throughout her Complaint, Lopez-Ruiz refers to scientific discoveries that appear to have no bearing on her claims. See Compl ¶ 39 ("My attempts to discover revolutions in science"); Compl. ¶ 51 ("I disclosed to other scientists at a meeting that I was working on select ideas . . . .").

5

Even if the court could liberally construe the Complaint as alleging that the numerous individuals in the caption somehow violated Lopez-Ruiz's rights, the Complaint nonetheless is deficient and fails to state a claim. Accordingly, this court rules that Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

III. CONCLUSION.

For the foregoing reasons, the court dismisses without prejudice the Complaint and denies the application to proceed <u>in forma pauperis</u> as moot. However, as Lopez-Ruiz is proceeding <u>pro se</u>, she is given leave to amend her Complaint to state viable claims by March 8, 2011.

If Lopez-Ruiz files an amended complaint, she should set forth "a short and plain statement of the claim" showing that she is entitled to relief. <u>See</u> Fed. R. Civ. P. 8(a). Lopez-Ruiz should also consider amending her Complaint to more clearly articulate the factual and legal bases of her claims against the named Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Lopez-Ruiz v. Tripler Army Medical Center, et al., Civil No. 11-00065 SOM/KSC; ORDER DISMISSING COMPLAINT; ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS.
